**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **LAUREN K. CHARBONNEAU,**      ) | |
|         ) | |
|     **Plaintiff,**         ) | **Civil Action No: 1:18-cv-** 224 |
|         ) | |
|     **v.**         ) | |
|         ) | |
| **REALTY INCOME CORPORATION,**      ) | |
| A Maryland Corporation,         ) | |
|         ) | |
| **HERITAGE PLAZA L.L.C.,**      ) | |
| A Virginia Limited Liability Company,    ) | |
|         ) | |
| **HERITAGE PLAZA II LLC,**      ) | |
| A Virginia Limited Liability Company,    ) | |
|         ) | |
| **ATLANTIS ASSOCIATES, LLC,**      ) | |
| A Virginia Limited Liability Company,    ) | |
|         ) | |
|     **Defendants.**         ) | |

## COMPLAINT

Plaintiff, **Lauren K. Charbonneau**, by and through her undersigned counsel, hereby files this Complaint against Defendants **REALTY INCOME CORPORATION**, a Maryland corporation, **HERITAGE PLAZA L.L.C**, a Virginia limited liability company, **HERITAGE PLAZA II LLC**, a Virginia limited liability company, and **ATLANTIS ASSOCIATES, LLC**, a Virginia limited liability company, seeking injunctive relief, attorneys' fees and costs for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.,* and damages for

violations of the law of the Commonwealth of Virginia.  In support of her allegations, Plaintiff states as follows:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* (the "ADA.")  The Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. § 1367(a).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is located in Sterling, Virginia.

3.      Plaintiff Lauren K. Charbonneau ("Ms. Charbonneau") is a resident of the Commonwealth of Virginia.

4.      Ms. Charbonneau is a qualified individual with a disability as the term is defined by and within the meaning of the ADA.  Ms. Charbonneau suffers from spondylosis, degenerative disc disease throughout her neck and back, and several bulging discs.  Additionally, Plaintiff has suffered severe brain injuries that have limited her ability to walk, stand, and balance.  These conditions require her to have a certified service dog with her at all times and also often use a cane and/or scooter to ambulate safely.

5.       Due to her disability, Plaintiff is substantially impaired in several major life activities such as walking and standing.

6.      Upon information and belief **REALTY INCOME CORPORATION**, ("**REALTY**" or "Defendant,") is a Maryland corporation and is the owner, lessor, and/or operator

of the place of public accommodation including the real property and improvements which are the subject of this action (the "Property.")

7.      Upon information and belief **HERITAGE PLAZA L.L.C.**, ("**HERITAGE**" or "Defendant,") is a Virginia limited liability company and is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action (the "Property.")

8.      Upon information and belief **HERITAGE PLAZA II LLC**, ("**HERITAGE II**" or "Defendant,") is a Virginia limited liability company and is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action (the "Property.")

9.      Upon information and belief **ATLANTIS ASSOCIATES, LLC**, ("**ATLANTIS**" or "Defendant,") is a Virginia limited liability company and is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which are the subject of this action (the "Property.")

10.     The Property is known as Regal Plaza; it is generally located at 45980 Regal Plaza, Sterling, VA 20165.

11.     The Defendants are registered to conduct business within the Commonwealth of Virginia through the Virginia State Corporation Commission and each maintains a registered agent in this jurisdiction for the purpose of accepting service of process.

12.     Defendants are responsible for complying with all applicable obligations of the ADA.

13.     All events giving rise to this lawsuit occurred within the jurisdiction of the Eastern District of Virginia.

## COUNT I
## VIOLATION OF TITLE III OF THE ADA

14.     The allegations set forth in the paragraphs above are incorporated by reference as if fully set forth in this count.

15.     The Property is a place of public accommodation and is therefore subject to Title III of the ADA.

16.     Ms. Charbonneau visited the Property and plans to return to the Property in the near future.

17.     During the visit, Ms. Charbonneau experienced serious difficulty accessing the goods and utilizing the services on the Property due to the architectural barriers described in this Complaint and specifically in Paragraph 20.

18.     Ms. Charbonneau wants to visit the Property but continues to experience serious difficulty as the result of the barriers described below, all of which exist at the time of this filing.

19.     Ms. Charbonneau plans to and will visit the Property once the barriers described in Paragraph 20 and any other barriers have been removed.

20.     Defendants discriminated and continues to discriminate against Plaintiff in violation of 42 U.S.C. §§ 12181, *et seq*., and 28 C.F.R. §§ 36.302, *et seq*., by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered her access:

A.     Plaintiff encountered and experienced inaccessible parking throughout the Property due to excessive long and cross slopes lack of access aisles;

B.     Plaintiff encountered and experienced inaccessible entrances throughout the Property due to lack of level landings and lack of pull side clearances;

C.     Plaintiff encountered and experienced inaccessible curb ramps throughout the Property due to lack of level landings at tops of ramps, excessive long and cross slopes, and excessively sloped side flares; and

D.     Plaintiff encountered and experienced inaccessible routes throughout the Property due to excessive long and cross slopes and lack of handrails.

21.     As of the date of this filing, the readily achievable barriers and other violations of the ADA exist.  They have not been remedied or altered in such a way as to effectuate compliance with the applicable provisions of the ADA.

22.     Independent of her intent to return to the Property as a patron, Plaintiff intends to return to the Property as an ADA tester to determine whether the barriers to access in this Complaint have been remedied.

23.     Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendants.

24.     Removal of the barriers to access located on the Property will allow Plaintiff to fully utilize the goods and services located on the Property.

25.     The Plaintiff was obligated to retain the undersigned counsel for filing and prosecution of this action.  The provisions of 42 U.S.C. § 12205 entitle Plaintiff to seek from Defendants and receive payment for reasonable attorneys' fees, costs, and expenses of this action.

## COUNT II
## STATE LAW CLAIM

26.     Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

27.     Defendants' Property is a place of public accommodation under *Code of Virginia*, § Section 51.5-44.

28.     The architectural barriers and other accessibility barriers constitute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

29.     As a direct and proximate result of Defendants' intentional and negligent failure to remove barriers to access that exist on Defendants' property, Plaintiff was and continues to be denied access and her civil rights were and continue to be violated.

30.     Consequently, Ms. Charbonneau seeks monetary damages from Defendants pursuant to *Code of Virginia*, § 51.5-46 for the discrimination she experienced and continues to experience.

## PRAYER FOR RELIEF

WHEREFORE, Lauren K. Charbonneau demands judgment and execution against Defendants and requests the Court provide the following injunctive and declaratory relief:

A.    Declare the Property owned and administered by Defendants is in violation of the ADA;

B.    Enter an order directing Defendants to alter the facilities on the Property to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.    Enter an order directing Defendants to evaluate and neutralize their policies and procedures toward persons with disabilities for such reasonable time so as to allow Defendants to undertake and complete corrective procedures;

D.    Award to the Plaintiff reasonable attorneys' fees, costs (including expert fees), and other expenses of this action;

E.    Award such other and further relief as it deems necessary, just and proper;

F.    Issue a Declaratory Judgment that Defendants violated the Virginia Rights of Persons with Disabilities Act;

G.    Order Defendants to alter the Property to make the facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

H.    Award Plaintiff monetary damages from Defendants pursuant to *Code of Virginia* § 51.5-46; and

J.      Award Plaintiff such other additional and proper relief as may be just and

equitable.

LAUREN K. CHARBONNEAU,


By:  ___/s/ Deborah C. Waters_____

Deborah C. Waters, Esquire
Virginia State Bar #28913
Waters Law Firm, P.C.
Town Point Center Building, Suite 600
150 Boush Street
Norfolk, VA  23510
Telephone:  (757) 446-1434
Facsimile:  (757) 446-1438
dwaters@waterslawva.com

*Counsel for Plaintiff*